405 A.2d 942

**COMMONWEALTH of Pennsylvania**

v.

**Barry WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 8, 1979.

Decided June 5, 1979.

Joseph P. Zawrotny, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Appellant, Barry Williams, was arrested and charged with retail theft on September 18, 1976, at 12:55 p. m. At 9:00 p. m. he was taken to the Homicide Division for questioning relative to a homicide robbery which had taken place that day. After *Miranda* warnings he gave a statement which was admitted at trial. He took a polygraph test and was questioned further. A motion to suppress the statements was denied. Appellant was tried non-jury and convicted of murder of the second degree, robbery, conspiracy and weapons charges. This appeal followed post-trial motions.

Appellant claims no *Miranda* warnings were given and alleges that he was in physical pain from lack of medication and suffered physical abuse by police. The Commonwealth denies abuse and contends that *Miranda* warnings were given and that the kidney ailment was not of such degree as to interfere with appellant's ability to make a free and unconstrained choice.

The facts before us are somewhat akin to the facts in *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282 (1976). In our opinion the facts before the suppression court were more than sufficient to meet the guidelines enunciated in *Kichline* and require this Court to support the conclusion of the suppression court.

It is also alleged that the lower court erred in denying appellant's post-trial motion to have the testimony of several Commonwealth witnesses stricken. The record does indicate that some Commonwealth witnesses did not agree in all respects. That is not unusual. If the testimony of witnesses is "pat" in all respects the contra issue of manufactured

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

testimony may be relevant. The trial court in our opinion fully discussed this issue and we agree with its conclusion that the issue of credibility was solely for the jury.

We find no merit in appellant's contentions. Judgment of sentence affirmed.